UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-cv-22381-JLK

ROBERT A. FEINSCHREIBER,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant Ocwen Loan Servicing, LLC's ("Ocwen") Motion for Summary Judgment filed September 2, 2019 (DE 29) (the "Motion").[1]

## I. BACKGROUND

Plaintiff brings this action against his mortgage loan servicer, Ocwen, asserting violations of the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA"). *See* Compl., DE 1-2. Plaintiff's claims arise out of a loan modification that Ocwen offered him in 2013, which required certain "trial period" payments in order for the loan modification to become effective. In Count I, Plaintiff claims Ocwen violated RESPA by failing to correct its alleged error in denying the loan modification after Plaintiff sent a written "Notice of Error" explaining that he made all required trial period payments. In Count II, Plaintiff claims Ocwen violated the FDCPA by charging certain fees and expenses arising out of the denial of the loan modification. Ocwen now moves for summary judgment on each of Plaintiff's claims.

---

[1] The Court has also considered Plaintiff's Response, filed September 16, 2019 (DE 30); and Ocwen's Reply, filed September 23, 2019 (DE 31).

The following facts are undisputed.[2] On November 12, 2013, Ocwen sent Plaintiff a letter offering him a loan modification with a new monthly payment of $2,874.56, consisting of $2,132.22 for principal and interest along with a $742.34 "escrow" payment for property taxes and insurance. *See* Mot. at 3 ¶ 2; Childs Dec. ¶ 5 & Ex. A, DE 29-1 at 7. Enclosed with Ocwen's letter was a copy of the proposed Loan Modification Agreement. *See* Childs. Dec. Ex. A, DE 29-1 at 8. According to paragraph 1 of the proposed Agreement, "for the terms of this modification to become effective," Plaintiff was required to make "two (2) equal monthly payments of principal and interest in the amount of $2,132.22" starting on February 1, 2014, which the Agreement defined as the "Trial Period." *Id.* ¶ 1. Paragraph 3 further specified that "[a]ny payments due for taxes and insurance will be your responsibility in addition to the payments of principal and interest required under the terms of this modification." *Id.* ¶ 3. Finally, paragraph 4 stated that "if you fail to send any full payment on or before the respective due date during the Trial Period, the Trial Period will immediately terminate and the Modification offer will be null and void." *Id.* ¶ 4.

Although Plaintiff made two payments of $2,132.22 in February and March 2014, it is undisputed that Plaintiff did not make the $742.34 escrow payments and therefore did not pay the total amount of $2,874.56 during either of these months. *See* Mot. at 4 ¶¶ 9–10; Childs Dec. Ex. B, DE 29-1 at 13; Resp. at 3 ¶¶ 9–10. On March 11, 2014, Ocwen sent Plaintiff a letter informing him that the loan modification was denied. *See* Mot. at 5 ¶ 11.

Over three years later, on May 22, 2017, Plaintiff sent Ocwen a "Notice of Error" under RESPA claiming that he had "timely made the payments required" and "demand[ing] that

---

[2] Pursuant to Local Rule 56.1, the Court considers the facts set forth in Ocwen's statement of material facts, Plaintiff's opposing statement of material facts, and the affidavits and other record evidence submitted by each party. *See* Mot. at 3–6, Exs. A & B; Resp. at 2–5, Ex. A.

2

[Ocwen] comply with the terms of the Permanent Loan Modification." Mot. at 5 ¶ 13; Compl. ¶ 35 & Ex. B. On June 9, 2017, Ocwen responded to the Notice of Error stating that the loan modification was denied because Ocwen had "not received the required Trial Period Plan payments by the end of the trial period." Childs Dec. Ex. B, DE 29-1 at 27.

In the same letter, Ocwen also informed Plaintiff that his two $2,132.22 payments had initially been "applied to the related loan number []3427 in error," but Ocwen explained that it "processed necessary corrections and reversed the above funds and applied to the loan." *Id.* at 28. Regardless, the loan modification was denied because both payments were still short by $742.34 based on Ocwen's interpretation of the proposed Loan Modification Agreement. Mot. at 9; Childs Dec. ¶ 6. Plaintiff contests Ocwen's interpretation, which he says is "contrary to the plain meaning of Paragraph 1 of the Loan Modification Agreement." Resp. at 3 ¶ 10.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine dispute" means "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A "material fact" means a fact "that might affect the outcome of the suit under the governing law." *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* In opposing summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250.

## III. DISCUSSION

### A. *Ocwen Is Entitled to Summary Judgment on Plaintiff's RESPA Claim*

The Court first addresses Plaintiff's RESPA claim. Under RESPA and its implementing regulation (Regulation X), mortgage servicers must "investigate and respond to written notice from a borrower asserting that there was an error related to the servicing of his mortgage loan." *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016) (citing 12 C.F.R. § 1024.35(a), (e)). Specifically, the servicer "must either correct the errors . . . and notify the borrower in writing or, after a reasonable investigation, notify the borrower in writing that it has determined no error occurred and explain the basis for its decision." *Id.* (citing 12 C.F.R. § 1024.35(e)(1)(i)). Here, Ocwen argues that "there was no error to correct concerning the Loan Modification Agreement . . . because the payments received in February 2014 and March 2014 were short by $742.34." Mot. at 2. Plaintiff admits that he failed to make these payments, but argues that, based on his interpretation of the proposed Loan Modification Agreement, "said amounts were not the amounts required." Resp. ¶ 16.

The Court is not persuaded by Plaintiff's interpretation, which the Court may decide as a matter of law on summary judgment. *See Univ. Housing by Dayco Corp. v. Foch*, 221 So. 3d 701, 704 (Fla. Dist. Ct. App. 2017) ("Where the resolution of the issues in the lawsuit depends on the construction and legal effect of a contract, the question at issue is essentially one of law only and determinable by entry of summary judgment.") (internal quotation marks omitted).[3] Under Florida law, a condition precedent "may be either a condition precedent to the formation of a contract or a condition precedent to the performance of an existing contract." *Mitchell v.*

---

[3] The Court applies Florida law to the interpretation and enforceability of the proposed Loan Modification Agreement. *See Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 n.4 (11th Cir. 2000).

4

*DiMare*, 936 So. 2d 1178, 1180 (Fla. Dist. Ct. App. 2006). "In the case of a condition precedent to formation, . . . the contract does not exist unless and until the condition occurs." *Id.*

Here, Ocwen created a condition precedent to formation by requiring Plaintiff to make "*full* payment[s] . . . during the Trial Period" in order for the Loan Modification Agreement to become effective. DE 29-1 at 8 ¶ 4 (emphasis added). Based on the plain language of the Loan Modification Agreement, combined with the express payment terms listed in Ocwen's November 12, 2013 letter, the Court finds that a "full payment" required $2,874.56, including $2,132.22 for principal and interest and $742.34 for the escrow payment. *See Philips Lake Worth, L.P. v. BankAtlantic*, 85 So. 3d 1221, 1225 (Fla. Dist. Ct. App. 2012) ("Where an agreement comprises more than one document, the documents should be considered together in interpreting the parties' agreement."). Indeed, the Agreement clearly stated that "[a]ny payments due for taxes and insurance will be [Plaintiff's] responsibility *in addition to* the payments of principal and interest," and that the failure to make "any *full* payment . . . during the Trial Period" would render "the Modification offer . . . null and void." DE 29-1 at 8 ¶¶ 3–4 (emphasis added). Plaintiff's argument that he was only required to pay $2,132.22 for principal and interest simply relies on one isolated paragraph of the Agreement while ignoring these remaining portions and the express terms in Ocwen's letter. *See Fla. Inv. Grp. 100, LLC v. Lafont*, 271 So. 3d 1, 4–5 (Fla. Dist. Ct. App. 2019) ("A key principle of contract interpretation is that courts must not read a single term or group of words in isolation."); *Philip Morris Inc. v. French*, 897 So. 2d 480, 488 (Fla. Dist. Ct. App. 2004) ("Courts are required to construe a contract as a whole."). Because it is undisputed that Plaintiff failed to make payments of $2,874.56 during the Trial Period, the Court concludes that the Loan Modification Agreement never became effective, and there was therefore no "error" to correct under RESPA concerning the proposed loan modification.

5

The Court also finds that Ocwen is entitled to summary judgment because it complied with the applicable error-resolution procedures set forth in Regulation X in any event. As discussed above, a servicer may respond to a notice of error either by correcting the error or, as relevant here, by conducting a reasonable investigation and notifying the borrower in writing that the servicer has determined that no error occurred and explaining the basis for that decision. *See* 12 C.F.R. § 1024.35(e)(1)(i)(B). In this case, Plaintiff does not claim that Ocwen failed to conduct a "reasonable investigation," and the undisputed facts show that Ocwen responded to Plaintiff's Notice of Error on June 9, 2017, notifying Plaintiff in writing that the proposed loan modification had been denied because Ocwen did not receive the required payments during the Trial Period. Plaintiff may disagree with that determination, but as Ocwen correctly notes, "mere disagreement with the outcome of a reasonable investigation does not establish a RESPA violation." *Finster v. U.S. Bank Nat'l Ass'n*, 245 F. Supp. 3d 1304, 1317 (M.D. Fla. 2017). Accordingly, the Court concludes that Ocwen is entitled to judgment as a matter of law on Plaintiff's RESPA claim.

### B. *Ocwen Is Entitled to Summary Judgment on Plaintiff's FDCPA Claim*

The Court also finds that Ocwen is entitled to summary judgment on Plaintiff's FDCPA claim because the claim is barred by the one-year statute of limitations. A civil action asserting an FDCPA violation must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). To establish an FDCPA violation, the plaintiff must prove that the defendant engaged in "debt collection activity," which requires some "explicit or implicit demand for payment." *See Pinson v. JP Morgan Chase Bank, Nat'l Ass'n*, 646 F. App'x 812, 814 (11th Cir. 2016) (citing *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014)). Here, as Ocwen points out, the only relevant conduct that occurred within one year prior

to this lawsuit includes Ocwen's dismissal of a foreclosure action and its response to the Notice of Error, neither of which involved a demand for payment. The Court also notes that Plaintiff failed to address this issue in response to Ocwen's Motion. Accordingly, the Court finds that Ocwen is also entitled to summary judgment on Plaintiff's FDCPA claim.

## IV. CONCLUSION

Because the Court finds that there are no genuine issues of material fact and that Ocwen is entitled to judgment as a matter of law on each of Plaintiff's claims, summary judgment in Ocwen's favor is appropriate. Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Ocwen's Motion for Summary Judgment **(DE 29)** be, and the same hereby is, **GRANTED**. A final judgment will be entered in a separate document pursuant to Fed. R. Civ. P. 58(a).

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 16th day of October, 2019.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc: All counsel of record**